# CIRCUIT COURT OF BALTIMORE CITY.

Filed August 13, 1897.

ANDREWS, &C.,
VS.
MEYERDIRCK.

*R. B. Tippett & Bro.* for plaintiff.

*Sappington* and *Rivers* for defendant.

DENNIS, J.—

On January 18th, 1896, the defendant, Meyerdirck, leased to one Shinnick, a builder, a certain tract of land in this city, reserving certain specified ground rents, and at the same time entered into a contract with him for the erection of a number of houses upon the said premises under a bonus arrangement common to similar building transactions in this city.

One of the features of said contract was this stipulation: "And the said Meyerdirck hereby covenants and agrees that for the space of twelve months from date *he will sell to the said Shinnick*" the several ground rents then specified at certain specified prices.

The bill is filed by Andrews and Goldman for a specific performance of this provision, and without dealing with the various and conflicting theories contained in it (as it was understood at the hearing that the plaintiff would amend and stand altogether upon the theory of assignment), the claim now before the Court is that by virtue of an assignment from Shinnick to Andrews relating to some of these rents and a sub-assignment from Andrews to Goldman are entitled to ask for a specific performance of the contract made between Meyerdirck and Shinnick.

Waiving the numerous technical questions raised by the solicitors for the defendant, and conceding the contention of the plaintiff's solicitor as to the assignability of this agreement, notwithstanding its own restrictive words, and its peculiar character, involving as it does personal relations between the parties to it which even in the absence of restrictive words ordinarily prevents an assignment to a third person (which concession I make solely for the purpose of argument), it seems to me very clear, that under the terms of the assignment itself, the plaintiffs are not entitled to the relief they ask. That assignment, dated March 27, 1896, after reciting the lease from Meyerdirck to Shinnick, and the building contract between them, and the agreement already set forth in regard to the purchase of the ground rents by Shinnick, and a statement that "it is believed that the rents will bring a larger sum than that mentioned in the agreement between Meyerdirck and Shinnick (meaning the sum at which Meyerdirck had agreed to sell them to Shinnick), then provides "that the said Shinnick, in consideration of the work to be done by Andrews (certain construction work

upon the buildings to be erected) agrees, as additional security for the payment of the work furnished by the said Andrews, that he, the said Andrews, may have, and it is now agreed he shall have *all and every the sums of money obtained for the said rents over and above the prices named therefor in the agreement between Meyerdirck and Shinnick*, to the extent of the amount of the bill for the work so furnished by the said Andrews."

It is too well settled to need citation of authority that in a bill for the specific enforcement of a contract the contract itself must not only be wholly definite in all its terms, but that the Court will only enforce the exact contract the parties themselves have agreed upon. To go beyond this, and incorporate other terms, or to vary the terms expressed, would be to make a contract for the parties which they never made themselves.

Now, the contract between Meyerdirck and Shinnick was that the former would sell to the latter the ground rents upon certain terms; but the contract between Shinnick and Andrews was that, in the event of Shinnick's exercising his option to buy the rents at the specified prices under the contract between him and Meyerdirck, and selling them at a higher price, then (and only in the event of these two conditions being fulfilled) Andrews was entitled to claim from Shinnick the excess of price between what he had to pay to Meyerdirck and what he might subsequently realize from a sale of the rents. If Shinnick bought, and subsequently resold at an advance, then Andrews would have a right to the difference under his contract with Shinnick; but upon what possible theory can Andrews claim that the rents shall be sold to him, when his only right is to have from Shinnick the difference between the buying and selling price, in the event of Shinnick's exercising his option under the contract with Meyerdirck?

The agreement between Shinnick and Andrews is by no means an assignment of the former's option under his contract with Meyerdirck, even conceding that such an assignment would be valid; it is simply a claim to whatever excess might remain in Shinnick's hands, in the event of his purchasing from Meyerdirck and reselling at a profit. Had Shinnick exercised his option and purchased, and subsequently resold at a profit, Andrews would be entitled to recover the excess from Shinnick, but this is the full extent to which the so-called assignment goes. It carries with it no right whatever against Meyerdirck—certainly no right to ask for the specific performance of a contract between Shinnick and Meyerdirck, to which Andrews was not a party and not originally, either directly or indirectly interested. In any event, Shinnick should have been a party to the suit, but I do not rely upon this, as he would have been allowed to be made a party, upon application, by amendment.

Of course, as Goldman claims under Andrews, he has no greater right than his assignee.

The bill will be dismissed with costs.